HEARD NOVEMBER TERM, 1876.

## MASON *vs.* CARTER.

In an action against a commission merchant for an account of the proceeds of goods sold by him, the complaint alleged that defendant had refused to account and pay over the proceeds of sale to the plaintiff: *Held,* On demurrer, that the allegation was sufficient; that it was unnecessary to state a demand for an account after stating a refusal to do so.

The facts alleged in a complaint, under the Code, need not be formulated with reference to the technical incidents of the right of action to which the plaintiff may suppose himself entitled. It is the Court that refers the facts to their appropriate form of action for the purposes of its judgment, and not the pleader, as at common law.

Where a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it are to be regarded as embraced in the allegation of such fact.

BEFORE REED, J., AT CHARLESTON, JUNE TERM, 1876.

This was an action by J. B. Mason against T. M. Carter. The allegations of the complaint are as follows:

I. That heretofore, on or about the nineteenth day of December, 1875, the plaintiff shipped from Providence, Rhode Island, consigned to the defendant, an auctioneer and commission agent, carrying on business in the city of Charleston, in the County of Charleston, and State aforesaid, to sell for cash, thirty boxes of rib bellies, (bacon,) weighing 15,000 pounds, of the value of $1,800 ; of which consignment the defendant had notice, and which agency for a valuable consideration he undertook and entered upon.

II. That he received said goods and thereafter sold the same on account of the plaintiff.

III. That although sufficient time has elapsed therefrom, he has neglected and refused, and still neglects and refuses, to tender to the said plaintiff a just and true account of said sale, and of the proceeds thereof, and has neglected and refused to pay over the proceeds of sale to the said plaintiff, saving and excepting the amount of $300, still neglecting and refusing to pay the balance, to the damage of the said plaintiff $1,500.

Wherefore the plaintiff demands judgment against the defendant for the sum of $1,500, with interest thereon from the twenty-sixth day of January, 1876, together with the costs and disbursements of this action.

The defendant demurred, on the ground that the complaint does not state facts sufficient to constitute a cause of action.

His Honor the presiding Judge overruled the demurrer and the defendant appealed.

*Campbells & Whaley,* for appellant.

*Buist & Buist,* contra.

February 1, 1877. The opinion of the Court was delivered by

WILLARD, A. J. The defendant is sued as an auctioneer and commission merchant, who has sold goods consigned to him for sale upon commission, for failing to account and pay over the proceeds of sale. The allegation of the complaint is that defendant had "neglected and refused" to account and pay over, &c. Defendant demurs, on the ground that the complaint does not allege a demand by plaintiff of such account. We think that the allegation of a refusal to account and pay over is sufficient without a distinct averment of a demand. Pleadings, under the Code, are not required to formulate the state of facts with reference to the technical incidents of the right of action to which the plaintiff may suppose himself entitled. It is the Court that refers the facts to their appropriate form of action, for the purposes of its judgment, and not the pleader as at common law. The consequence is, that when a fact is pleaded, whatever inferences of law or conclusions of fact may properly arise from it are to be regarded as embraced in such averment. The allegation that the defendant refused to account is to be taken as covering an actual and not a technical refusal. After a refusal to account, a demand was unnecessary. The demurrer was properly overruled. The appeal should be dismissed.

*Moses,* C. J., and *Wright,* A. J., concurred.